STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-00-02
NM-CUM- 7/10/2000

SEBAGO LAKE CHEVROLET,

    Plaintiff/Appellee

vs.

                             DECISION AND ORDER

JOHN J. GALLANT, JR.,

    Defendant/Appellant

The defendant appeals the judgment of $8,546.64 entered against him and in favor of the plaintiff in the District Court. The District Court determined that the parties' purchase and sale agreement for a 1999 vehicle was ambiguous and heard extrinsic evidence regarding whether the defendant's 1997 vehicle was to be traded in a repaired state. See Exhibit 4. As is clear from the court's findings of fact and conclusions of law, the court determined, based in part on the defendant's testimony, that the allowance in trade for the 1997 vehicle was based on the vehicle's being repaired.

The defendant argues that the construction of the purchase and sale agreement was not properly before the court. The effect of the purchase and sale agreement was raised in the plaintiff's complaint. See Complaint, ¶¶ 7-9. The pre-trial order specifies "truck repair costs - defense of trade of truck" as issues for trial. Based on the court's findings of fact and conclusions of law, evidence was presented regarding the parties' intent concerning the purchase and sale agreement. See M.R. Civ. P. 15(b).

The defendant argues further that the court's conclusions regarding that agreement were factually and legally incorrect. Review of the record is not possible because the defendant has not provided a full transcript of the hearing in the district court. See M.R. Civ. P. 76F. For example, the District Court judge concluded that "the court is persuaded by the testimony of Mr. Woodbury . . . . " See Findings of Fact and Conclusions of Law, p. 2. The defendant has not provided the transcript of that witness's testimony. It is the responsibility of the appellant to provide a sufficient record to allow appellate review. See Tenney v. Benson, 1999 ME 177, ¶ 1, 741 A.2d 454, 455.

The entry is

The Defendant's Appeal is DENIED.

The Decision of the District Court is AFFIRMED. The case is Remanded to the District Court for entry of Judgment.

Date: July 8, 2000

Nancy Mills
Justice, Superior Court

2

Date Filed __01-06-00__     CUMBERLAND     Docket No. __AP 00-002__

County

Action _____ APPEAL FROM DC _____

SEBAGO LAKE CHEVROLET            JOHN J. GALLANT, JR.

**DONALD L. GARBRECHT**
**LAW LIBRARY**

**JUL 18 2000**

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| MATTHEW J. LAMOURIE ESQ 791-3000 | THOMAS KINNELLY, ESQ 655-4150 |
| PO BOX 9546, PORTLAND ME 04112 | PO BOX 371, RAYMOND, ME 04071 |

| Date of Entry | |
|---|---|
| 2000 Jan. 07 | Received 01-06-00:<br>Defendant's Notice of Appeal to Superior Court filed.<br>All paperwork received from 9th District Court, Division of Southern Cumberland (CV 98-1164). |
| Jan. 10 | On 1-10-00.<br>Briefing schedule mailed. Appellant's brief due 2-16-00. |
| Feb. 16 | Received 2-16-00.<br>Appellant's brief filed. |
| March 21 | Received 3-20-00.<br>Appellee Sebago Lake Chevrolet's Brief, filed. |
| June 5 | Received 06-05-00:<br>Copy of Letter from Thomas F. Kinnelly, Esq. to Matthew Lamourie, Esq. stating it has come to his attention that the Court's file does not contain complete copy of the sales agreement entered into between our clients filed. |
| July 10 | On 07/06/00:<br>Hearing held on District Court Appeal.<br>Court takes under advisement.<br>Mills, J. Presiding.<br>Tape 1915, Index 3916- 4771 |
| July 11 | Received 07/10/00:<br>DECISION AND ORDER filed. (Mills, J.)<br>The Entry is:<br>The Defendant's Appeal is DENIED.<br>The Decision of the District Court is AFFIRMED. The case is Remanded to the District Court for entry of Judgment.<br>On 07/11/00 copy mailed to Matthew Lamourie the Thomas Kinnelly, Esqs. |